The chancellor decided in this case that under § 154 of the Revised Statutes relative to the foreclosure of mortgages in chancery (2 Rev. Stat. 191), which authorizes the complainant, when the mortgage debt is secured by the obligation, etc., of any person besides the mortgagor, to make such person a party to the bill for the purpose of obtaining a decree against Mm for the deficiency, if any there should be, the court will permit an assignor who has guaranteed the collection of the mortgage by the assignee, to be made a party defendant, and allow the complainant to take a decree over against Mm for the deficiency, where it cannot be recovered on execution against the property of the mortgagor. That where such assignor is dead, his personal representatives may be made parties to the suit for the purpose of obtaining a decree against them for the payment of such deficiency out of the estate of the decedent in their hands, in a due course of administration; but that in most cases it is a useless expense to make the personal representatives, even, of the mortgagor, parties to the suit to foreclose the mortgage, as no decree can be made for the payment of the deficiency, out of the estate of the decedent, so as to entitle the complainant to an execution therefor in this court, until a full account of the administration of the estate has been taken, except in those cases where the executors, etc., admit assets sufficient to pay the complainant’s debt and all other debts of the decedent of equal degree. That it is not allowable to make heirs or dev-isees who have no interest in the mortgaged premises parties to a bill of foreclosure, with a view to reach the estate descended or devised to them, to satisfy an anticipated deficiency upon the sale. That to authorize the filing of a bill against heirs or devisees to obtain ^satisfaction of a debt which is not a specific lien upon the estate descended or do. vised to them, the complainant must show, by his bill, that the personal estate of the decedent was not sufficient to pay the debt, or that he has actually exhausted his remedy against the personal estate and the personal 'representatives, and next of kin, etc. Bill dismissed, as to the heirs and devisees- of Sutphen, but without costs and without prejudice. Decree against personal representatives of Sutphen for deficiency.